UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>COUWTY, CASE MANAGER AT USP TUCSON, AZ, INDIVIDUAL AND OFFICIAL CAPACITY; SHIED, LIEUTENANT AT USP TUCSON, AZ, INDIVIDUAL AND OFFICIAL CAPACITY; ATTORNEY GENERAL, SPRINGFIELD, MO AT FEDERAL DISTRICT COURT; FBOP FMC DOCTORS, PHDS AT SPRINGFIELD, MO, INDIVIDUAL AND OFFIICAL CAPACITY,<br><br>Defendants. | 5:22-CV-05088-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER REQUIRING A FILING FEE |

Plaintiff Richard Wolf Guts filed a pro se lawsuit under 28 U.S.C. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Doc. 1. Wolf Guts moved for leave to proceed in forma pauperis and filed a prisoner trust account report. Docs. 2, 3. On October 25, 2022, this Court granted Wolf Guts's motion for leave to proceed in forma pauperis and ordered him to pay a $300 initial partial filing fee. Doc. 5. The order assessed automatic fee collection procedures pursuant to the Prison Litigation Reform Act (PLRA) to collect Wolf Guts's filing fee in monthly installments from his trust account. Id. at 2. Wolf Guts did not pay his initial partial filing fee, and this Court dismissed his complaint and entered judgment against Wolf Guts on December 12, 2022. Doc. 7. Wolf Guts has now written a letter to this Court in which he argues that automatic fee collection procedures have been incorrectly assessed against him. See Doc. 10.

Although Wolf Guts's letter is extremely difficult to parse, he states that he has been civilly committed under 18 U.S.C. § 4246 following the completion of his criminal sentence. See id. at 1; see also Wolf Guts v. United States of America, 3:21-CV-03026-RAL, Doc. 18 at 1-5 (describing the circumstances of Wolf Guts's civil commitment under 18 U.S.C. § 4246). He expresses a desire to have any money paid towards his lawsuits returned to him because "upon being committed under 18 U.S.C. [§] 4246 [he] do[es] [not] have to pay any money[.]" Doc. 10 at 2. He also states his belief that filing fees have been incorrectly collected from his trust account. See id. at 1-2.

This Court construes Wolf Guts's letter as a motion for reconsideration of this Court's order granting Wolf Guts leave to proceed in forma pauperis on appeal. See id. The Eighth Circuit Court of Appeals has traditionally instructed courts to consider motions for reconsideration either under Rule 59(e) or Rule 60(b). See Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988). A motion under Rule 59(e) must be brought "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because this deadline has passed and because Wolf Guts seeks reconsideration of an order which is not a final judgment, his motion for reconsideration cannot be granted under Rule 59(e).

Rule 60(b) authorizes a court to relieve a party from a final judgment or order under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Supreme Court of the United States has explained that "Rule 60(b)(1) covers all mistakes of law[.]" Kemp v. United States, 142 S. Ct. 1856, 1862 (2022). A motion under Rule 60(b)(1) must be brought "no more than a year after the entry of the . . . order[.]" Fed. R. Civ. P. 60(c)(1). This Court will construe Wolf Guts's letter as a timely motion for reconsideration under Rule 60(b)(1). See id.

"[A] civilly committed plaintiff does not qualify as a 'prisoner' under the PLRA." Pendleton v. Saunders, 565 F. App'x 584, 584 (8th Cir. 2014) (per curiam); see also Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (explaining that "the detailed inmate-account procedures of § 1915" do not apply to a civilly committed plaintiff). The District of Minnesota recently cited a Second Circuit case in finding that civil detainees who were previously prisoners are not prisoners for PLRA purposes "unless [their] detention arises 'as a result of' an accusation, conviction or sentence for a criminal offense." Senty-Haugen v. Jesson, 2022 WL 17547461, at *2, 2022 U.S. Dist. LEXIS 221985, at *4 (D. Minn. Dec. 9, 2022) (quoting Jones v. Cuomo, 2 F.4th 22, 25-26 (2d Cir. 2021)). Thus, the filing-fee provisions of the PLRA do not apply to lawsuits or appeals filed by persons civilly committed under 18 U.S.C. § 4246.

Under Pendleton, Wolf Guts was not a prisoner for PLRA purposes when he filed his complaint and motion for leave to proceed in forma pauperis. See 565 F. App'x at 584. This Court's order granting Wolf Guts leave to proceed in forma pauperis should have waived his filing fee entirely rather than waiving an initial partial filing fee and assessing automatic fee collections pursuant to the PLRA. See Doc. 5. Wolf Guts is no longer responsible for his $350 filing fee. According to the Court's records, Wolf Guts has not yet paid any money towards his filing fee in this case and thus does not need to be reimbursed.

Accordingly, it is

ORDERED that Wolf Guts's motion for reconsideration of this Court's order granting him leave to proceed in forma pauperis, Doc. 10, is granted. It is further

ORDERED that Wolf Guts's filing fee is waived in full and that Wolf Guts no longer owes his $350 filing fee in this case. It is finally

ORDERED that the institution having custody of Wolf Guts should no longer withdraw amounts from his trust account to pay his filing fee in this case.

DATED May 24th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4